This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    NO.   33,011

**STEPHEN LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     Stephen Lucero (Defendant) appeals from the district court's on-record judgment, affirming Defendant's convictions in metropolitan court for aggravated DWI, minor in possession of alcohol, and possession of an open container. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response to our notice and remain unpersuaded. We affirm the district court's judgment affirming Defendant's convictions.

## I.     BACKGROUND

{2}     On appeal, Defendant argues that the officer lacked reasonable suspicion to stop him [DS 14; MIO 11-14] and that there was insufficient evidence of aggravated DWI. [DS 14; MIO 14-17] Our notice proposed to adopt the district court's recitation of facts and its application of the law to those facts. In response to our notice, Defendant sets forth a lengthy account of the facts, but does not specifically challenge any of the facts upon which this Court and the district court relied. In the interest of avoiding unnecessary repetition, we continue to rely on the district court's opinion for the facts and do not restate our proposed application of the law to those facts. Instead, we focus on the substantive arguments in Defendant's response to our notice.

## II. DISCUSSION

## A. Reasonable Suspicion for the Traffic Stop

{3} Defendant maintains that Officer Barricklow lacked reasonable suspicion to stop him for the failure to signal a lane change under NMSA 1978, Section 66-7-325(A) (1978). [MIO 11-14] Defendant argues that his failure to signal could not have affected traffic and attempts to distinguish the facts of *State v. Hubble*, 2009-NMSC-014, ¶¶ 2, 13-20, 146 N.M. 70, 206 P.3d 579, upon which this Court and the district court relied. [MIO 12-13; CN 2-3; RP 199-202] Defendant argues that the Officer Barricklow was driving about one hundred to one hundred fifty yards behind him; whereas, the officer, in *Hubble*, was driving about one hundred feet from the defendant, about three times closer. [MIO 13] *See Hubble*, 2009-NMSC-014, ¶ 16. We are not persuaded by Defendant's argument.

{4} In *Hubble*, the officer observed the defendant's failure to signal in his rear view mirror after the officer had passed the intersection by about one hundred feet. *See id.* ¶¶ 2, 16. As our notice recognized, the Supreme Court in *Hubble* determined that these facts created a "*reasonable possibility* that [traffic] may have been affected[,]" *id.* ¶ 20, because the defendant should have signaled about one hundred feet before the intersection, which would have alerted the officer to the defendant's intention as the officer was approaching the intersection. *See id.* ¶ 18. The facts in *Hubble* create a much more hypothetical possibility of affecting traffic

3

than the facts of the case at hand, where Officer Barricklow was driving behind Defendant and traveling in the same direction. Had Defendant used his signal, then the officer would have known Defendant's intention and could have made driving decisions accordingly. *See id.* ¶ 17. As we stated in our notice, where there is a possibility of surprising another driver, under *Hubble*, there is a reasonable possibility of affecting traffic sufficient to trigger the need for a signal under Section 66-7-325(A). *See id.* As a result, we are not persuaded by Defendant's attempt to distinguish *Hubble*. We hold that the officer had reasonable suspicion to stop Defendant.

**B.      Substantial Evidence of Aggravated DWI**

{5}      Defendant challenges the sufficiency of the evidence presented to support his conviction for aggravated DWI, arguing not that our recitation of the evidence was incorrect, but that Defendant was not given additional chances to take the field sobriety tests (FSTs) or to rescind his refusal to submit to chemical testing. [MIO 15-17] Generally, Defendant seems to be arguing that Officer Barricklow did not sufficiently investigate Defendant's suspected intoxication, so the evidence presented was too thin. [Id.]

{6}      As our notice stated, Defendant failed to use his turn signal when changing lanes. He had an odor of alcohol, slurred speech, and bloodshot, watery eyes; he admitted to drinking two beers; he had empty beer bottles in his vehicle; he was

4

found with an open beer can while sitting in the driver's seat; he was aggressive and had to be restrained; and he refused to take a breath test after repeatedly being asked and advised of the obligations and risks of refusing the test.  [RP 203-04]

**{7}** Defendant complains that Officer Barricklow gave no explanation for why he did not attempt to administer the FSTs after police back-up arrived.  [MIO 16] We are not persuaded that this argument renders the evidence insufficient. Defendant was very agitated, verbally aggressive, and was trying to escape from his handcuffs after being restrained.  [RP 196-97]  When back-up arrived, the officer observed sufficient other indicia of intoxication that he could reasonably decide against risking officer safety or Defendant's flight in order to administer the FSTs.  As stated above, the officer had observed an irregular lane change that required a signal; he detected from Defendant an odor of alcohol, slurred speech, and bloodshot, watery eyes; Defendant admitted to drinking two beers; Defendant had empty beer bottles in his vehicle; Defendant was found with an open beer can while sitting in the driver's seat; and Defendant was aggressive, had to be restrained, and was attempting to remove the handcuffs.  [RP 194, 196-97, 203-04]

**{8}** As our notice indicated, in our review for the sufficiency of the evidence, we do not parse out and examine the value of each individual piece of evidence in a "divide-and-conquer approach." *State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285.  Rather, "[w]e view the evidence as a whole and indulge

all reasonable inferences in favor of the jury's verdict." *Id.* We are not persuaded that without the FSTs, the evidence was insufficient.

{9} Lastly, we are not persuaded by Defendant's other challenge to the sufficiency of the evidence, [MIO 7-8, 14-15] suggesting that application of the New Mexico flexible rule test leads to the conclusion that Defendant recanted his refusal or was denied the opportunity to recant his refusal. *See In re Suazo*, 1994-NMSC-070, ¶¶ 23-27, 117 N.M. 785, 877 P.2d 1088 (adopting and applying a flexible rule test in New Mexico for determining whether a refusal of chemical testing under the Implied Consent Act was cured by a subsequent change of mind). In *Suazo*, the Supreme Court decided that a driver must recant a refusal with an unspecified level of reasonable haste that is "measured by the driver's reasonable ability to comprehend his situation." *Id*. ¶ 27. In the current case, Defendant gave no indication that he wanted to recant his refusal after Officer Barricklow's repeated attempts to clarify that Defendant wanted to refuse a breath test. [MIO 8] There is no indication that Defendant did not understand his situation. As the Supreme Court stated in *Suazo*, we adopt "a standard of reasonableness because the officer should not be forced to coddle a person who has willfully brought himself to an unreasonable state of mind." *Id.* ¶ 26. It appears to us that Defendant's argument places too high a burden on the officer to coddle a suspected intoxicated driver and coax a recantation of a refusal to submit to chemical testing.

6

We are not persuaded that this was intended by the Supreme Court in *Suazo*. Thus, we hold that there was sufficient evidence of a refusal to submit to chemical testing as provided for in the Implied Consent Act for purposes of aggravated DWI. *See* NMSA 1978, § 66-8-102(D)(3) (2010).

{10}    For these reasons and those set forth in our notice, we hold that sufficient evidence of aggravated DWI was presented. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶¶ 3-5, 32, 34, 142 N.M. 32, 162 P.3d 187 (holding that sufficient evidence was presented to support the defendant's aggravated DWI conviction, even though there was no evidence of bad driving, the defendant was cooperative, and there were no FSTs conducted, but where the defendant's breath had a very strong odor of alcohol, the defendant had slurred speech and bloodshot, watery eyes, the defendant admitted he had been drinking, there were several empty beer cans where the defendant had been, and the defendant refused to take a blood test), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

## III.    CONCLUSION

{11}    We affirm the district court's judgment, affirming Defendant's convictions.

{12}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**J. MILES HANISEE, Judge**